UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFREY KANE SARTIN                                                                              PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:13CV521 DPJ-FKB

SHARON PAIGE, AT AL.                                                                         DEFENDANTS

ORDER

This action is before the Court on the Report and Recommendation [22] of Magistrate Judge F. Keith Ball.  Judge Ball recommended dismissal of this action for failure to prosecute after Plaintiff Jeffrey Kane Sartin failed to appear at an omnibus hearing on September 24, 2014.  At the hearing, Judge Ball learned that Sartin had been released from custody on August 14, 2014, but had not kept the Court informed of his current address.[1]

Sartin has not filed Objections to the Report and Recommendation, and the time to do so has passed.  In addition, the docket reflects that the Court's order setting the ominbus hearing and the minute entry reflecting the ominbus hearing were returned as undeliverable, further confirming that Sartin has failed to keep the Court informed of his current address.

This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly

---

[1] In previous Orders, the Court warned Sartin that a failure to keep the Court informed of any change of address may result in dismissal.  *See* Orders [4, 9, 11, 13].

and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629–30.

The Court concludes that the Report and Recommendation should be adopted as the opinion of this Court.  In addition, even in the absence of a Report and Recommendation, the Court would find that dismissal of this action without prejudice for Plaintiff's failure to prosecute and failure to comply with the orders of the Court is proper.  A separate judgment in accordance with this Order will be entered.

**SO ORDERED AND ADJUDGED** this the 15th day of October, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE